IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE RUSSELL, JR., | No. C 15-03678 HRL (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| CAROL A. JACOBY, | |
| Defendant. | |

Plaintiff, a state prisoner at Pelican Bay State Prison, has filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal with Leave to Amend
P:\PRO-SE\HRL\CR.15\03678Russell_dwlta.wpd

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claim**

Plaintiff names as defendant Carol A. Jacoby (Rep.), located in Martinez California. (Compl. at 2.) The entirety of his statement of claim is as follows: "False, Malicious, friviolous [sic]. Isn't my seed. Ask for blood test. Refused now asking for payment monthly. Need order for Medical Records [ ] place S.S. Card [sic]." (Id. at 3.) Plaintiff's statement is insufficient for this Court to discern what federal right, if any, was violated and how the named defendant specifically acted to violate his rights. He will be granted leave to amend to address this deficiency.

In preparing an amended complaint, Plaintiff must allege sufficient facts indicating what federal rights that were violated how specific defendant(s) under color of law acted to deprive him of those rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633 (inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order – Case No. C 15-03678 HRL (PR) – and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint will completely supersede the original complaint, and Plaintiff may not make references thereto.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 10/13/15

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   LARRY LEE RUSSELL,                           Case No.  15-cv-03678-HRL
        Plaintiff,
8
        v.                                       **CERTIFICATE OF SERVICE**
9
10  CAROL A. JACOBY,
        Defendant.
11
12      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13  District Court, Northern District of California.
14      That on October 14, 2015, I SERVED a true and correct copy(ies) of the attached, by
15  placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
    depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
16  receptacle located in the Clerk's office.
17
18      Larry Lee Russell ID: AR8643
        Pelican Bay State Prison
19      P.O. BOX  7500
        Crescent Bay, CA 95532-7000
20
21
    Dated: October 14, 2015
22
23
                                                 Susan Y. Soong
24                                               Clerk, United States District Court

25                                               By:_____
                                                 Patty Cromwell, Deputy Clerk to the
26                                               Honorable HOWARD R. LLOYD
27
28